IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00993-WJM-BNB

MEMORYTEN, INC., a California corporation,

Plaintiff,

v.

LV ADMINISTRATIVE SERVICES, INC., a Delaware corporation,
LAURUS MASTER FUND, LTD., a Cayman Islands corporation,
LAURUS CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,
VALENS CAPITAL MANAGEMENT, LLC, a New York limited liability company,
VALENS INVESTMENT ADVISORS, L.P., a Delaware limited partnership, and
SILICON MOUNTAIN HOLDINGS, INC., a Colorado corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on **LV Defendants' Motion to Compel Discovery Responses [etc.]** [Doc. # 62, filed 10/25/2012] (the "Motion to Compel"). I held a hearing on the Motion to Compel this morning and made rulings on the record, which are incorporated here.

The plaintiff and Mr. Olsen have failed to meet even the most basic obligations in responding to the LV Defendants' First Set of Written Discovery. No reasonable inquiry or search for responsive documents was conducted and obviously responsive documents were not produced.

IT IS ORDERED:

(1) The Motion to Compel [Doc. # 62] is GRANTED as specified.

(2) On or before December 3, 2012, the defendants, Mr. Olsen, and their counsel of record shall:

(a) Meet in person at all places and with all people as may be necessary to conduct a thorough investigation and search for documents responsive to LV Defendants' First Set of Written Discovery and identify all responsive documents;

(b) Provide a supplemental discovery response that conforms to the formalities of the Federal Rules of Civil Procedure and produce all documents and materials responsive to LV Defendants' First Set of Written Discovery; and

(c) File a written certification specifying with particularity the actions undertaken to comply with the requirements to respond to LV Defendants' First Set of Written Discovery and that all documents responsive to LV Defendants' First Set of Written Discovery in the possession, custody, or control of the plaintiff and its agents or employees have been produced. The certification must be signed by a representative of the plaintiff, Mr. Olsen, and plaintiff's counsel, and must be made under oath or subject to the penalty of perjury.

(3) The LV Defendants' request for reasonable expenses incurred in making the Motion to Compel and required as a result of the plaintiff's failure to produce all responsive documents is DENIED without prejudice and may be renewed, if necessary, after the plaintiff's compliance with the requirements of this Order and in view of any additional expenses which the LV Defendants may incur in curing the plaintiff's failure to comply with its discovery obligations.

Dated November 14, 2012.

                                BY THE COURT:

                                s/ Boyd N. Boland
                                United States Magistrate Judge