IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00993-WJM-BNB

MEMORYTEN, INC., a California corporation,

Plaintiff,

v.

LV ADMINISTRATIVE SERVICES, INC., a Delaware corporation;
LAURUS MASTER FUND, LTD., a Cayman Islands corporation;
LAURUS CAPITAL MANAGEMENT, LLC, a Delaware limited liability company;
VALENS CAPITAL MANAGEMENT, LLC, a New York limited liability company;
VALENS INVESTMENT ADVISORS, L.P., a Delaware limited partnership;
WAY TECH, LLC, a Missouri limited liability company;
SILICON MOUNTAIN HOLDINGS, INC., a Colorado corporation; and
SILICON MOUNTAIN MEMORY,

Defendants.

---

# ORDER

---

This matter arises on the **LV Defendants' Notice of Filing of Fee Application** [Doc. #
122, filed 2/26/2013](the "Motion for Attorneys Fees"), to which the plaintiff has responded.
Response [Doc. # 127, filed 3/11/2013].  The Motion for Attorneys Fees is GRANTED, and the
LV Defendants are awarded reasonable expenses in the amount of $10,949.00.

This action involves claims surrounding a Subscription Agreement.  The plaintiff asserts
claims against the LV Defendants for breach of the Subscription Agreement; unfair competition;
unjust enrichment; and a declaration that the LV  Defendants have "waived their rights to obtain
and acquire collateral" pursuant to certain loan documents.  Second Amended Complaint [Doc. #
125].  The LV Defendants have counterclaimed for abuse of process; fraud; breach of fiduciary
duty; and violation of the Colorado Uniform Fraudulent Transfer Act.  First Amended

Counterclaims [Doc. # 135].

On November 24, 2012, I entered an Order [Doc. # 74] (the "First Order") compelling the plaintiff to produce documents responsive to the LV Defendants' First Set of Written Discovery.  In doing so, I found:

> The plaintiff and Mr. Olsen have failed to meet even the most basic obligations in responding to the LV Defendants' First Set of Written Discovery.  No reasonable inquiry or search for responsive documents was conducted and obviously responsive documents were not produced.

First Order [Doc. # 74] at p. 1.  All responsive documents were required to be produced to the LV Defendants on or before December 3, 2012.  Id. at pp. 1-2.

I denied without prejudice the LV Defendants' request for reasonable expenses incurred in bringing their motion to compel, noting that it "may be renewed, if necessary, after the plaintiff's compliance with the requirements of this Order and in view of any additional expenses which the LV Defendants may incur in curing the plaintiff's failure to comply with its discovery obligations."  Id. at p. 2.

Notwithstanding the requirements of my First Order, the plaintiff did not produce responsive documents until December 18, 2013, and then only after the LV Defendants filed their Renewed Motion for Sanctions [Doc. # 114].

In my Order [Doc. # 114] (the "Second Order") addressing the Renewed Motion for Sanctions, I ruled:

> Rule 37(a)(5)(A), Fed. R. Civ. P., provides that if a motion to compel discovery is granted--or the discovery is produced after the motion to compel was filed--"the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's

2

> fees," unless the motion to compel was brought without first attempting in good faith to resolve the dispute, the opposing party's conduct was substantially justified, or the award of expenses would be unjust. Here, I find that the motion to compel was granted and, even in the face of my order compelling discovery, the LV Defendants still had to bring the Motion for Sanctions before many responsive documents were produced. The LV Defendants attempted in good faith but without success to resolve the discovery dispute without judicial involvement. MemoryTen's improper failure to comply with its discovery obligations was not substantially justified. And the award of reasonable expenses against MemoryTen would not be unjust.

Second Order [Doc. # 114]. I ordered the parties to attempt to reach agreement on the amount of expenses to be awarded. They could not agree, and the LV Defendants brought this Motion for Attorneys Fees as allowed under the Second Order. Id. at p. 6.

The Motion for Attorneys Fees [Doc. # 122] is supported by the Affidavit of Peter G. Koclanes [Doc. # 155-1] (the "Koclanes Aff."), which includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and plaintiffs' counsel's qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorney's fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

## 1.      Reasonable Time Expended

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing

party seeking fees.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983).[1]

The Koclanes Affidavit includes itemized time entries of the tasks performed and the time required for those tasks.  The itemization reflects that fees are claimed for three timekeepers, as follows:

| | |
|---|---|
| Peter Koclanes (member of the firm): | 14.4 hours |
| Lynda Atkins (associate): | 12.7 hours |
| Caley Dias (paralegal): | 2.4 hours. |

The plaintiff disputes the reasonableness of the time claimed.

I have reviewed the time records for the LV Defendants' counsel and find that the time claimed was reasonable and necessarily expended to obtain the discovery orders and the production of documents from the plaintiff.  In addition, the work was appropriately divided between Mr. Koclanes and Ms. Atkins based on their varying levels of experience. I will award the entire 29.5 hours claimed.

**2.      Reasonable Hourly Rate**

The LV Defendants claim attorney fees at rates of $465 and $495 per hour for Mr. Koclanes; $275 per hour for Ms. Atkins; and $145 per hour for Ms. Dias.

The plaintiff bears the burden of establishing that the rate is reasonable.  <u>Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.</u>, 295 F.3d 1065, 1078 (10th Cir. 2002).  "A reasonable rate is the prevailing market rate in the relevant community."  <u>Id</u>.  A trial court may use its own

---

[1]As the Supreme Court instructed in <u>Fox v. Vice</u>, 131 S. Ct. 2205, 2216 (2011), "trial courts need not, and indeed should not become green-eyeshade accountants" when determining a fee application.  "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."  <u>Id</u>.

knowledge in determining a reasonable rate.  Id. at 1079.  See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market).

The plaintiff argues that "Mr. Koclanes' hourly rate . . . is well above the prevailing market rates charged by lawyers of equivalent experience in the metropolitan Denver market." Response [Doc. # 127] at p. 3.  It is not.

Mr. Koclanes is a 1987 graduate of the George Washington University School of Law. He has more than 25 years experience in complex commercial litigation, including securities fraud, business torts, corporate governance disputes, and the like.  I find that rates ranging from $465 to $495 for a lawyer of Mr. Koclanes' skill and experience are reasonable in this market and in a case of this nature.

Ms. Atkins is a 2007 graduate of the University of Denver Sturm College of Law.  She has more than five years of experience.  A billing rate of $275 per hour is reasonable in this market given her skill and experience.

A rate of $145 per hour for paralegal assistance is common and reasonable in this market.

Multiplying the number of hours reasonably incurred by the reasonable hourly rates charged by the LV Defendants' counsel results in an award of fees of $10,758.50.

In addition, the LV Defendants are awarded costs incurred in bringing their discovery motions of $190.50, expended to obtain a transcript of the hearing which resulted in the First Order.

I award the LV Defendants their reasonable expenses in bringing the Motion to Compel

and the Renewed Motion for Sanctions in the amount of $10,949.00, which are reasonable and were necessarily incurred.

IT IS ORDERED:

(1)     The Motion for Attorneys Fees [Doc. # 122] is GRANTED;

(2)     The LV Defendants are awarded their reasonable expenses in connection with their Motion to Compel and the Renewed Motion for Sanctions in the amount of $10,949.00;

(3)     The award is made solely against the plaintiff, MemoryTen, and not against its counsel; and

(4)     The plaintiff shall satisfy the award in full on or before April 5, 2013.

Dated March 19, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge